FILED
CLERK OF COURT

2024 DEC -5 PM 3: 49

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**EDWARD CHARFAUROS,**
*aka* **Edward Borja Charfauros**
DOB: 01/28/1969 or 04/28/1969

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CM0431-23**
GPD Report No. 23-30410

**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
DISMISS SECOND CHARGE**

This matter came before the Honorable Alberto E. Tolentino through a motion filed on May 20, 2024. Defendant Edward Charfauros ("Defendant") filed a Motion to Dismiss the Second Charge of Harassment as contained in the Magistrate's Complaint. The court held a Pre-Trial Conference on October 2, 2024. The Defendant was present with counsel Public Defender Renita Taimanao-Munoz. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). Finding that oral argument on the motion was unnecessary, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the Defendant's motion and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss the Second Charge of Harassment.

\\

\\

## BACKGROUND

On or about December 25, 2023, the Defendant allegedly shouted and cussed at the victim and her brother, saying that "he would kill them if they [didn't] leave the area." Mag. Compl. at 3 (Dec. 26, 2023). The Defendant also allegedly shook the victim's vehicle that they locked themselves in out of fear. *Id.* Based on these events, the People filed a Magistrate's Complaint against the Defendant for the following charges: (1) RESISTING ARREST (As a Misdemeanor) and (2) HARASSMENT (As a Petty Misdemeanor). *Id.*

On May 20, 2024, the Defendant filed a Motion to Dismiss the Second Charge of Harassment ("Motion"), arguing that the statute the People charged him under was deemed unconstitutional back in 1982. Mot. Dismiss (May, 20, 2024). The People did not file an opposition to the Motion.

On October 2, 2024, the court held a Pre-Trial Conference for the Defendant's case. During the conference, the court took the Defendant's Motion under advisement and vacated jury selection and trial scheduled for October 7, 2024. Pre-Trial Conf. at 10:21:16AM (Oct. 2, 2024).

## DISCUSSION

Under 9 GCA § 61.20(a), a person commits harassment as a petty misdemeanor if he or she, with intent to harass another, "makes, or causes to be made, a communication anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm."

**A. Title 9 GCA § 61.20(a) is not void for vagueness.**

Under the void for vagueness doctrine, a penal statute must "define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and

in a manner that does not encourage arbitrary and discriminatory behavior." *People v. Perez*, 1999 Guam 2 ¶ 7 (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858 (1983)).

The Defendant argues that the court must dismiss his second charge of harassment, because he was charged under a statute that was deemed unconstitutional by the Superior Court of Guam in *People v. Lizama*. The court in *Lizama* dismissed the defendant's harassment charge, holding that this statute's subsection was unconstitutionally vague and overbroad. Decision at 7, *People v. Lizama*, S.CT. Cr. #646-82 (Apr. 4, 1983). The statutory language at issue in *Lizama* still exists within the statute today and is the exact language that Defendant Charfauros was charged under. Although the facts in *Lizama* are similar to Defendant Charfauros's case, this court is not bound to another Superior Court of Guam decision like *Lizama*.

The Supreme Court of Guam has not addressed the issue of whether 9 GCA § 61.20(a) is void for vagueness; however, other jurisdictions that Guam has modeled its harassment statute from have dealt with the question. Because Guam used New Jersey's harassment statute as a source for its statute, the court looks to New Jersey caselaw as guidance on the present issue. The court in New Jersey held that the harassment statute's first subsection – N.J.S.A. 2C:33–4(a) – was not unconstitutionally vague. *State v. Hoffman*, 149 N.J. 564, 582, 695 A.2d 236, 245 (1997). It reasoned that while reading the subsection's phrases alone may be vague, reading "subsection (a) is not vague because each communication is subject to the requirement that there be a purpose to harass." *Id.* "And ordinary usage of the term 'harass' is sufficient to inform a person of normal intelligence of the type of mental culpability needed." *Id.*

The court agrees with the New Jersey's interpretation of its harassment statute, which bears identical language to Guam's statute. When reading Guam's harassment statute, it is clear to the court that an ordinary person can understand that they are prohibited from making or

causing to be made the following kinds of communication *with the intent to harass another*: anonymous communications; communications made at extremely inconvenient hours; communications in offensively coarse language; or communications in any other manner likely to cause annoyance or alarm. 9 GCA § 61.20(a). Therefore, the court finds that 9 GCA § 61.20(a) is not void for vagueness.

**B. Title 9 GCA § 61.20(a) is not facially overbroad.**

Like the defendant in *Lizama,* Defendant Charfauros argues that 9 GCA § 61.20(a) is unconstitutional, because it is facially overbroad. Specifically, the Defendant argues that "almost any communication that may be perceived as annoying or alarming would be considered a violation of 61.20(a)." Mot. Dismiss at 4 (May 20, 2024). As support, the Defendant further argues that *stare decisis* requires "prior applicable precedent usually must be followed even though the case, if considered anew, might be decided differently by the current justices." *People v. Ramey*, 2019 Guam 11 ¶ 17. While the court agrees that prior applicable precedent *usually* must be followed under this policy, *stare decisis* is not an "inexorable command." *Ramey,* 2019 Guam 11 ¶ 17 (quoting *Seminole Tribe of Fla. V. Florida,* 517 U.S. 44, 63 (1996)). As mentioned earlier, the Guam Supreme Court has not dealt with this issue and this court is not bound to another trial court's interpretation of 9 GCA § 61.20(a).

In regards to the argument that the statute is facially overbroad, the court disagrees with the Defendant. As stated above, the statute limits the kinds of communications that are criminal to those made with an intent to harass another. Even if a person perceives a communication as annoying or alarming, the communicator cannot be criminally charged for doing so unless they *intended* to harass that person. Therefore, the court finds that 9 GCA § 61.20(a) is not facially overbroad.

## CONCLUSION

Because Title 9 GCA § 61.20(a) is neither void for vagueness nor facially overbroad, the court finds that the statute remains constitutional. For the reasons set forth above, the court hereby **DENIES** the Defendant's Motion to Dismiss the Second Charge of HARASSSMENT (As a Petty Misdemeanor).

**SO ORDERED** this ___DEC 05 2024___ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam